1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

KIYOMI HALL,

No.  2:21-cv-1979 JAM AC PS

12

Plaintiff,

13

v.

ORDER AND FINDINGS AND
RECOMMENDATIONS

14

EQUIFAX INFORMATION SERVICES,

15

Defendant.

16
17

Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

18 by E.D. Cal. R.  302(c)(21).  Plaintiff filed a request for leave to proceed in forma

19 pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that

20 statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will be granted.

21

I.  SCREENING

22

A determination that a plaintiff qualifies financially for in forma pauperis status does not

23 complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

24 dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

25 relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

26 28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the

27 complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of

28 Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint

1

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

1   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

2   stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

3                                   II.  THE COMPLAINT

4          Plaintiff is suing Equifax for the violation of two statutes: 15 U.S.C. § 6801(b), and 15

5   U.S.C. § 45.  ECF No. 1 at 3.  Plaintiff alleges that defendant violated plaintiff's rights under

6   these statutes by failing to secure plaintiff's personal data, resulting in that data being hacked.  Id.

7   at 4.  Plaintiff alleges that someone who lives in another state opened accounts in plaintiff's name

8   and hacked plaintiff's phone and e-mail.  Id.  Plaintiff seeks monetary damages.  Id.

9                                      III.  ANALYSIS

10         Plaintiff's case must be dismissed because the complaint does not state a claim upon

11  which relief can be granted.  Plaintiff seeks a remedy for defendant's alleged violation of 15

12  U.S.C. § 6801(b) and 15 U.S.C. § 45, but neither of these statues provide for a "private right of

13  action."  That means that an individual cannot bring a lawsuit based on these statutes.

14         The first statute plaintiff cites is known as the Gramm-Leach-Bailey Act ("GLBA"), 15

15  U.S.C.§§ 6801 et seq., and the statute's enforcement provisions make clear that there is no private

16  right of action available.  See 15 U.S.C. § 6805 (enforcement provisions); see also, Newcomb v.

17  Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) ("there is no private

18  right of action under GLBA.").  The second statute plaintiff cites, 15 U.S.C. § 45, codifies section

19  5 of the Federal Trade Commission Act.  It empowers the Federal Trade Commission to prevent

20  certain acts of unfair competition.  Like the GLBA, the FTCA does not create a private right of

21  action.  Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973); Kerr v. Am. Home Mortg.

22  Serv'g, Inc., 2010 WL 3743879 (S.D. Cal. Sep. 22, 2010) ("It is well-established that there is no

23  private right of action for violation of the FTCA; only the Federal Trade Commission has

24  standing to enforce it"); Burnett v. NBS Default Servs., LLC, No. 2:19-cv367-JAM-EFB-PS,

25  2020 WL 4547165, at *2 (E.D. Cal. Aug. 6, 2020).

26         It is clear that plaintiff cannot maintain a claim for relief under either of the two statutes

27  that form the basis of the complaint.  This case must therefore be dismissed.  The undersigned

28  further recommends that leave to amend not be granted.  The allegations of the complaint are

                                         3

clear, and establish that the complaint's deficiencies could not be cured by amendment.  See Noll, 809 F.2d at 1448.

## IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against defendant should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 26, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE