UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIYOMI HALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES,<br><br>　　　　　Defendant. | No.  2:21-cv-1979 JAM AC PS<br><br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff is proceeding in this action pro se, and the matter was accordingly referred to the undersigned by E.D. Cal. R.  302(c)(21).

　　　　Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  On October 27, 2021 the undersigned granted IFP status, screened the pursuant to the IFP statute, and recommended that this case be dismissed because plaintiff's complaint does not contain any basis for relief.  ECF No. 3.

　　　　On October 29, 2021, plaintiff paid the filing fee.  ECF No. 4.  Because plaintiff is no longer proceeding with IFP status, screening under § 28 U.S.C. § 1915 is no longer appropriate.  Accordingly, the recommendation at ECF No. 3 will be withdrawn by separate order.  However, the court can still dismiss this case at the outset, without leave to amend, because the only two causes of action brought do not provide any basis for relief.  See Reed v. Lieurance, 863 F.3d

1

1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Rule 12(b)(6), Fed. R. Civ. P.).

Plaintiff is hereby notified that the undersigned is contemplating recommending dismissal on this alternative legal basis; plaintiff will be provided the opportunity to demonstrate in writing why the case should not be dismissed.

## II.  THE COMPLAINT

Plaintiff is suing Equifax for the violation of two statutes: 15 U.S.C. § 6801(b), and 15 U.S.C. § 45.  ECF No. 1 at 3.  Plaintiff alleges that defendant violated plaintiff's rights under these statutes by failing to secure plaintiff's personal data, resulting in that data being hacked.  Id. at 4.  Plaintiff alleges that someone who lives in another state opened accounts in plaintiff's name and hacked plaintiff's phone and e-mail.  Id.  Plaintiff seeks monetary damages.  Id.

## III.  WHY THE COMPLAINT FAILS TO STATE A CLAIM

Plaintiff seeks a remedy for defendant's alleged violation of 15 U.S.C. § 6801(b) and 15 U.S.C. § 45, but neither of these statues create a "private right of action."  That means that an individual cannot bring a lawsuit based on these statutes.

The first statute plaintiff cites is known as the Gramm-Leach-Bailey Act ("GLBA"), 15 U.S.C.§§ 6801 *et seq*., and the statute's enforcement provisions make clear that there is no private right of action available.  See 15 U.S.C. § 6805 (enforcement provisions); see also, Newcomb v. Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) ("there is no private right of action under GLBA.").

The second statute plaintiff cites, 15 U.S.C. § 45, codifies section 5 of the Federal Trade Commission Act.  It empowers the Federal Trade Commission to prevent certain acts of unfair competition.  Like the GLBA, the FTCA does not create a private right of action.  Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973); Kerr v. Am. Home Mortg. Serv'g, Inc., 2010 WL 3743879 (S.D. Cal. Sep. 22, 2010) ("It is well-established that there is no private right of action for violation of the FTCA; only the Federal Trade Commission has standing to enforce it"); Burnett v. NBS Default Servs., LLC, No. 2:19-cv367 JAM EFB PS, 2020 WL 4547165, at *2 (E.D. Cal. Aug. 6, 2020).

It is clear that plaintiff cannot maintain a claim for relief under either of the two statutes that form the basis of the complaint. Because plaintiff "cannot possibly win relief," sua sponte dismissal appears to be appropriate. See Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

## IV.  ORDER TO SHOW CAUSE

In accordance with the above, IT IS HEREBY ORDERED that plaintiff must show cause in writing no later than November 17, 2021 why this case should not be dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

DATED: November 3, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE