UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIYOMI HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES,<br><br>    Defendant. | No. 2:21-cv-01979 JAM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). On November 3, 2021, the court issued an order to show cause why this case should not be dismissed for failure to state a claim upon which relief can be granted. ECF No. 7. The court notified plaintiff of its authority to dismiss a meritless case at the outset pursuant to Fed. R. Civ. P. 12(b)(6), without leave to amend. Id. at 1-2., citing Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's *sua sponte* dismissal of claim under Rule 12(b)(6), Fed. R. Civ. P.). Plaintiff was cautioned that failure respond by November 17, 2021 would lead to a recommendation that the action be dismissed. Id. at 2-3. Plaintiff did not respond. The undersigned now recommends this case be dismissed because it does not state a claim upon which relief can be granted.

////

1

## I. THE COMPLAINT

Plaintiff is suing Equifax for the violation of two statutes: 15 U.S.C. § 6801(b), and 15 U.S.C. § 45. ECF No. 1 at 3. Plaintiff alleges that defendant violated plaintiff's rights under these statutes by failing to secure plaintiff's personal data, resulting in that data being hacked. Id. at 4. Plaintiff alleges that someone who lives in another state opened accounts in plaintiff's name and hacked plaintiff's phone and e-mail. Id. Plaintiff seeks monetary damages. Id.

## II. WHY THE COMPLAINT FAILS TO STATE A CLAIM

Plaintiff seeks a remedy for defendant's alleged violation of 15 U.S.C. § 6801(b) and 15 U.S.C. § 45, but neither of these statues create a "private right of action." That means that an individual cannot bring a lawsuit based on these statutes.

The first statute plaintiff cites is known as the Gramm-Leach-Bailey Act ("GLBA"), 15 U.S.C.§§ 6801 et seq., and the statute's enforcement provisions make clear that there is no private right of action available. See 15 U.S.C. § 6805 (enforcement provisions); see also, Newcomb v. Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) ("there is no private right of action under GLBA.").

The second statute plaintiff cites, 15 U.S.C. § 45, codifies section 5 of the Federal Trade Commission Act. It empowers the Federal Trade Commission to prevent certain acts of unfair competition. Like the GLBA, the FTCA does not create a private right of action. Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973); Kerr v. Am. Home Mortg. Serv'g, Inc., 2010 WL 3743879 (S.D. Cal. Sep. 22, 2010) ("It is well-established that there is no private right of action for violation of the FTCA; only the Federal Trade Commission has standing to enforce it"); Burnett v. NBS Default Servs., LLC, No. 2:19-cv367 JAM EFB PS, 2020 WL 4547165, at *2 (E.D. Cal. Aug. 6, 2020).

## III. CONCLUSION

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice because it does not state a claim upon which relief can be granted. See Fed. R. Civ. P. 41(b); Local Rule 110.

////

1     These findings and recommendations are submitted to the United States District Judge
2 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one
3 (21) days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court.  Such document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file
6 objections within the specified time may waive the right to appeal the District Court's order.
7 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8 DATED: November 24, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE